## MARCUS TYLER *v.* THE STATE.

1. EVIDENCE that a third party, at a given time and place, but not in the hearing of the defendant, told the witness that one of the men in charge of a drove of cattle "was a Tyler" (defendant's patronymic), was hearsay, and not admissible. If the third party had spoken to defendant by name or called him by name, and had been heard by the defendant, a different rule might apply.

2. SAME.— A witness cannot, it seems, be permitted to testify as an expert as to the length of time which would be required to gather a certain number of cattle within the limits of a given "range." He may testify, however, as to the topography of the country, the number of cattle frequenting it, and whether they were wild or gentle, leaving the question of time to the jury for determination.

APPEAL from the District Court of Guadalupe. Tried below before the Hon. E. LEWIS.

This is the companion-case of *J. W. M. Long* v. *State, ante,* p. 381, the indictment being for the same offense,— the theft of a cow. Upon substantially the same evidence which in Long's case is reported in full, the defendant was convicted, and awarded a term of four years in the penitentiary.

*Eckford & Newton,* for the appellant.

*H. Chilton,* Assistant Attorney General, for the State.

HURT, J.   The appellant and one J. W. M. Long were indicted separately for theft of cattle, it being, however, for the same transaction, and the evidence in both cases being in the main the same.   In this, as in the Long case, the court below refused to charge on *alibi*.   This was error; see the opinion in that case, and authorities therein cited.

There is an error fatal to this judgment not presented in the Long case.   By the ninth bill of exception it appears that the State asked Texas Dimmitt, a witness for the State, "If, at the time he and Cochran saw the cattle near Goodrich's falls, in Guadalupe county, Cochran called the name of either of the men with the cattle, not within hearing of defendant, and witness said 'yes, Cochran said one was a Tyler.'"   This was clearly hearsay.   If Cochran had spoken to defendant by name, or called his name, and it had been heard by Tyler (defendant), we will not say these facts could not be proved by the State.   But the record shows that the remark of Cochran was not within hearing of defendant, and hence it was clearly inadmissible.

Again: by the 5th bill we learn that the State proved, over the objections of defendant, the length of time it would take to gather forty or fifty head of cattle in the Salt creek range, from which the cow was taken.   We doubt the admissibility of this evidence.   The witness should have been permitted to testify as to the topography of the country and the number or quantity of cattle, whether wild or gentle, running in that range; and let the jury draw the conclusion.   These facts being shown, the jury was as competent to judge of this matter as the witness thus sought to be made an expert.

For the errors above noted the judgment is reversed and the cause remanded.

*Reversed and remanded.*